UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS RODRIGUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KEVIN ROONEY,<br><br>　　　　　Respondent. | Case No. 2:22-cv-01898-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISCHARGING ORDER TO SHOW CAUSE<br><br>ECF Nos. 4 & 5<br><br>SCREENING ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2254 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF No. 1 |

　　　　Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it is deficient because it both fails to state a claim and fails to indicate which, if any, of petitioner's claims were exhausted in state court. I will give petitioner a chance to amend before recommending that this action be dismissed.

　　　　The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

1

1   petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);
2   *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

3        Petitioner brings five claims related to a 2018 conviction.  First, he alleges that there was
4   insufficient evidence to convict him of a felony murder special circumstance, but he provides no
5   specifics as to how the evidence was lacking.  ECF No. 1 at 5.  The second claim appears to
6   mirror the first insofar as it alleges that petitioner was convicted of felony murder with
7   insufficient evidence.  *Id.* at 7.  Again, it does not allege how the evidence was insufficient.
8   Third, petitioner claims that he was convicted of attempted robbery and a separate murder, and
9   that there was insufficient evidence to support either conviction.  *Id.* at 8.  As before, he does not
10  offer any specifics.  Fourth, petitioner claims that, in addition to being, convicted of murder with
11  a robbery special circumstance, he was also convicted of mayhem and attempted robbery.  *Id.* at
12  10.  Petitioner does not allege how, or if, these latter two convictions were unconstitutional.
13  Finally, he claims that the court imposed an "unauthorized" ten-thousand-dollar "restitution fine."
14  *Id.* at 13.  Petitioner does not state how this component of his sentence was unauthorized or
15  violative of his rights.  I find that the petition fails to state a claim.  *See James v. Borg*, 24 F.3d
16  20, 26 (9th Cir. 1994) (holding that "conclusory allegations which are not supported by a
17  statement of specific facts do not warrant habeas relief").

18       Further, petitioner has left blank most of the areas of the federal habeas form which are
19  intended to indicate whether a claim has been exhausted in state court.  *See, e.g.*, ECF No. 1 at 11.
20  If he chooses to amend, he should complete the form in its entirety.

21       Petitioner may, if he chooses, file an amended petition that addresses these deficiencies.
22  If he does not, I will recommend that this action be dismissed.

23       It is ORDERED that:

24       1.   Petitioner may file an amended § 2254 petition within thirty days of this order's
25  entry.  If he does not, I will recommend that the current petition be dismissed for the reasons
26  stated in this order.

27       2.   The Clerk of Court is directed to send petitioner a federal § 2254 habeas form with
28  this order.

3. Petitioner's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED and the order to show cause, ECF No. 4, is discharged.

IT IS SO ORDERED.

Dated: __February 16, 2023__  
_____  
JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE